NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 16 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARMINDA ALVARADO SILVA; JORGE
ALBERTO LEAL ALVARADO,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-1111

Agency Nos.
A209-801-174
A209-801-175

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2024[**]
Pasadena, California

Before: SCHROEDER, R. NELSON, and MILLER, Circuit Judges.

Arminda Alvarado Silva and her minor son, natives and citizens of Mexico,

petition for review of a Board of Immigration Appeals (BIA) decision affirming

the immigration judge's (IJ) denial of their applications for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and protection under the Convention Against Torture (CAT). The BIA affirmed the IJ's adverse credibility finding, which was dispositive of Petitioners' applications for asylum and withholding of removal. The BIA also affirmed the IJ's decision not to accept Petitioners' untimely filed evidence and denied Petitioners' motion for remand.[1]

The agency identified three inconsistencies between Alvarado's testimony and her declaration, and it gave reasons why it rejected her explanations for those inconsistencies. *See Shrestha v. Holder*, 590 F.3d 1034, 1043–44 (9th Cir. 2010). Petitioners now maintain that the adverse credibility finding is unsupported by the inconsistencies identified by the agency. Because Petitioners never specifically challenged any of these inconsistencies before the BIA, they failed to exhaust their contentions, and they are not properly before us. *See* 8 U.S.C. § 1252(d)(1); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

Petitioners contend that the agency abused its discretion and violated due process by declining to accept untimely filed evidence. The IJ had authority to set a filing deadline and to deem waived documents filed after that deadline. *See* 8 C.F.R. § 1003.31(h). Despite having notice of the deadline for three months, Petitioners filed their motion to submit Alvarado's psychological evaluation weeks

---

[1] Petitioners did not challenge the IJ's denial of CAT protection before the BIA or in their petition before this court.

after the deadline had passed.  Petitioners offered no explanation as to why Alvarado could not have sought an earlier evaluation.  Under these circumstances, the IJ was well within its discretion to deny the motion, and Petitioners have not shown that doing so violated due process.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) ("To prevail on a due process challenge to deportation proceedings, [a petitioner] must show error and substantial prejudice.")

Petitioners assert that the BIA abused its discretion in denying their motion for remand because the motion cited authorities that purportedly establish Petitioners' eligibility for asylum.  Yet the BIA denied their motion because those authorities would not affect the agency's adverse credibility finding, which was sufficient to dispose of Petitioners' asylum applications.  As we have explained, Petitioners cannot successfully challenge the adverse credibility determination.  Thus, the BIA did not abuse its discretion in denying their motion for remand.

**PETITION DENIED.**